1

2

3                    UNITED STATES DISTRICT COURT

4                         DISTRICT OF NEVADA

5                                * * *

6    WELLS FARGO BANK, N.A.,              Case No. 3:15-cv-00240-MMD-CBC

7                         Plaintiff,                ORDER

8         v.

9    SFR INVESTMENTS POOL 1, LLC, *et al.*,

10                       Defendants.

11   SFR INVESTMENTS POOL 1, LLC,

12       Cross-Claimant/Counter-Claimant,
         v.
13
     MARTHA VAZQUEZ-DEPEREZ, WELLS
14   FARGO BANK, N.A.,

15       Cross-Defendant/ Counter-Defendant.

16   **I.    SUMMARY**

17         This dispute arises from the foreclosure sale of property to satisfy a homeowners'

18   association lien. Before the Court are Plaintiff Wells Fargo, N.A.'s motion for summary

19   judgment (ECF No. 114), Defendant Ironstone Homeowners' Association's ("HOA")

20   motion for summary judgment (ECF No. 115), and Defendant SFR Investments Pool 1,

21   LLC's ("SFR") motion for summary judgment (ECF No. 116).[1] Because the Court agrees

22   with the HOA and SFR that the foreclosure sale at issue extinguished Plaintiff's interest in

23   the property, and is not persuaded by Plaintiff's arguments to the contrary, the Court grants

24   SFR's and the HOA's motions for summary judgment and denies Plaintiff's motion for

25   summary judgment. The Court will also address herein the parties' subsidiary arguments,

26   and will quiet title in SFR's favor.

27   ───────────────
         [1]The Court has reviewed the various responses and replies thereto. (ECF Nos. 117,
28   118, 119, 120 122, 123, 125, 127.)

## II.    BACKGROUND

The following facts are undisputed unless otherwise indicated.

### A.    Deed of Trust History

Martha Vazquez-Deperez ("Borrower") purchased property located within the HOA at 6656 North Latour Drive, Sparks, Nevada 89436, APN 526-155-07 (the "Property"), on January 8, 2010. (ECF No. 114 at 3.) The Property was also located within the Foothills at Wingfield Homeowners Association ("Foothills HOA"). (*Id.*). To purchase the Property, Borrower executed a note (the "Note") and first deed of trust ("DOT") in exchange for $166,920. (*Id.*) Borrower's loan was insured through the Federal Housing Administration (the "FHA"). (*Id.*) The DOT was assigned to Plaintiff on August 4, 2011. (*Id.*)

### B.    HOA Lien and Foreclosure

Borrower failed to pay HOA assessments, and the HOA recorded a notice of delinquent assessment lien on March 1, 2011. (*Id.* at 3-4.) The Foothills HOA also recorded a notice of default on November 14, 2011, and a notice of sale on January 16, 2013. (*Id.* at 4.) Borrower appears to have worked out a payment plan with the HOA. (*Id.*) Nonetheless, the HOA recorded a notice of default and election to sell under the HOA's lien through its agent, Alessi & Koenig, LLC ("Alessi"), on March 13, 2013. (*Id.*) Alessi is also a named defendant in this case. (ECF No. 1.)

Alessi held the foreclosure sale on the HOA's behalf on August 15, 2013 at the entrance to the Washoe County Courthouse (the "HOA Sale"). (ECF No. 114 at 4.) SFR purchased the Property at the HOA Sale for $16,000. (*Id.*)

### C.    Complaint & Counterclaim

Plaintiff filed the Complaint on April 29, 2015, asserting the following claims: (1) declaratory relief under Amendment V to the United States Constitution—Takings Clause; (2) declaratory relief under Article IV, Section 3 of the United States Constitution—Supremacy Clause; (3) declaratory relief under Amendments V and XIV to the United States Constitution—Due Process Clauses; (4) wrongful foreclosure based on various

theories including that the sale was commercially unreasonable, which incorporated Plaintiff's constitutional claims; (5) violation of NRS § 116.1113, *et seq.* (the "Statute"); (6) intentional interference with contract; and (7) quiet title. (ECF No. 1 at 6-14.)

SFR counterclaimed—and cross-claimed against Borrower—for quiet title and declaratory injunctive relief establishing its ownership of the Property free and clear of the DOT. (ECF No. 16 at 7-15.)

## III.    LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting

the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.  DISCUSSION

The Court addresses the issues raised in Plaintiff, SFR, and the HOA's respective summary judgment motions collectively because they make overlapping arguments and seek rulings on the same issues. SFR argues that it is entitled to summary judgment on its counterclaim for quiet title because the HOA Sale extinguished the DOT. (ECF No. 116 at 12-15.) While the HOA currently claims no ownership interest in the Property, it makes a similar argument, generally argues that the HOA Sale complied with the Statue, and argues the Statute is constitutional. (ECF No. 115.) Plaintiff argues in its responses as well as in its own motion for summary judgment that the HOA Sale was invalid because the Statute is unconstitutional and, alternatively, that it is entitled to equitable relief—and regardless of the argument, Plaintiff seeks a declaration that the DOT continues to encumber the Property. (*See generally* ECF Nos. 114, 117, 118.) The HOA and SFR also argue they are entitled to summary judgment on Plaintiff's subsidiary claims. (ECF Nos. 115, 116.)

The Court considers below the constitutionality of the Statute governing the HOA Sale before turning to Plaintiff's request for equitable relief, then addresses the HOA and SFR's arguments regarding Plaintiff's subsidiary claims, and finally resolves the ownership dispute over the Property. First, however, the Court addresses what has become the

4

default rule in this type of litigation—the HOA Sale extinguished the DOT unless the facts support finding for Plaintiff on one of the limited number of avenues through which Nevada courts have set aside similar homeowners' association sales.

### A. The Nevada Supreme Court's 2014 SFR Decision

The Nevada Supreme Court held in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev. 2014) that homeowners' association sales like the one at issue here extinguish the applicable first deed of trust. That decision remains good law. Thus, the Court begins its analysis from the presumption that SFR owns the Property free and clear of the DOT, unless Plaintiff can persuade the Court that the HOA Sale was invalid by virtue of any of its arguments in its motion for summary judgment. But the Court is not persuaded by any of Plaintiff's arguments.

### B. Takings Clause

Plaintiff argues that the extinguishment of its interest in the Property through the HOA Sale is a taking under the Fifth Amendment, rendering the Statute unconstitutional and the HOA Sale void. (ECF No. 114 at 16-26.) SFR and the HOA counter that Plaintiff's interest in the Property is not property for takings clause purposes, and the Nevada Supreme Court has held that the Statute does not violate the takings clause. (ECF Nos. at 115 at 24-25, 116 at 17-19.) The Court agrees with SFR and the HOA. *See Thunder Properties, Inc. v. Treadway*, Case No. 3:15-cv-00141-MMD-VPC, 2016 WL 1298112, at *3 (D. Nev. Mar. 31, 2016) (rejecting the same takings argument); *see also Saticoy Bay Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970, 975 (Nev. 2017) ("[W]e hold that the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not constitute a governmental taking."). Therefore, the Court will deny Plaintiff's motion for summary judgment on its declaratory relief claim based on the takings clause. (ECF Nos. 114 at 16-26, 1 at 6-7.)

5

### C. Supremacy and Property Clause – FHA Insurance

Plaintiff next argues under the supremacy and property clauses of the U.S. Constitution that the Statute, a state law, cannot extinguish FHA-insured mortgages such as the mortgage at issue here. (ECF No. 114 at 9-15.) SFR and the HOA counter that the Statute's nonjudicial foreclosure scheme does not violate the supremacy or property clauses. (ECF Nos. 115 at 20-23, 116 at 19-21.) The Court agrees with SFR and the HOA. *See PHH Mortg. Corp. v. Saticoy Bay LLC*, Case No. 2:16-cv-02795-MMD-NJK, 2018 WL 357847, at *1 (D. Nev. Jan. 10, 2018) (rejecting property clause argument in case about mortgage that was FHA-insured at the time of the applicable homeowner's association foreclosure sale); *Las Vegas Development Group, LLC v. Yfantis*, 173 F.Supp.3d 1046, 1052-53 (D. Nev. 2016) (same); *see also Renfroe v. Lakeview Loan Servicing, LLC*, 398 P.3d 904, 909 (Nev. 2017) (rejecting supremacy clause challenge to nonjudicial foreclosure sale conducted under the Statute that extinguished FHA-insured DOT). Therefore, the Court will deny Plaintiff's motion for summary judgment on its declaratory relief claim based on the supremacy and property clauses. (ECF Nos. 114 at 9-15, 1 at 7-9.)

### D. Due Process

Plaintiff then argues that the Statute is void *ab initio*, facially unconstitutional, and unconstitutional as applied because it violates Plaintiff's due process rights, rendering the HOA Sale void. (ECF No. 114 at 6-9.) SFR and the HOA counter that the Statute is constitutional, and does not violate Plaintiff's due process rights. (ECF Nos. 115 at 14-20, 116 at 6-12.) The Court agrees with SFR and the HOA. *See The Bank of New York Mellon, f\k\a The Bank of New York, as Trustee for the Certificateholders of Cwalt, Inc. Alternative Loan Trust 2006-OC9, Mortgage Passthrough Certificates, Series 2006-OC9 v. Log Cabin Manor Homeowners Association, et al.*, Case No. 2:15-cv-02026-MMD-CWH, 2019 WL 302489, at *2-*4 (D. Nev. Jan. 23, 2019). The Court thus rejects Plaintiff's due process

arguments. The Court will therefore deny Plaintiff's motion for summary judgment based on the due process clauses of the U.S. Constitution. (ECF Nos. 114 at 6-9, 1 at 9-10.)

### E. Wrongful Foreclosure

Regarding Plaintiff's claim for wrongful foreclosure, SFR and the HOA argue that Plaintiff cannot prevail because it cannot contest that Borrower was in default at the time of the HOA sale. (ECF Nos. 115 at 8-9, 116 at 21.) Plaintiff fails to directly respond to this argument, and instead relies on a case whose wrongful foreclosure holding—that does not support Plaintiff's argument anyway—was later amended on a motion for reconsideration in support of the proposition that Plaintiff *may* be able to bring a wrongful foreclosure claim. (ECF Nos. 117 at 26, 118 at 27 (citing *Carrington Mortg. Servs., LLC v. SFR Investments Pool 1, LLC*, Case No. 2:15-cv-1377-JCM-NJK, 2017 WL 537192, at *6 (D. Nev. Feb. 8, 2017), *reconsideration granted*, 2017 WL 2870091, at *4-*5 (D. Nev. July 3, 2017) (reconsidering wrongful foreclosure holding and dismissing plaintiff lender's wrongful foreclosure claim without prejudice), *reconsideration denied*, 2018 WL 1383812, at *2-*3 (D. Nev. Mar. 19, 2018) (declining to reconsider dismissal of lender's wrongful foreclosure claim).) While Plaintiff may be able to assert a wrongful foreclosure claim under some circumstances, those circumstances do not exist here. The Court thus agrees with SFR and the HOA because Plaintiff effectively concedes that it cannot satisfy an element of its claim,[2] and because the Court's findings do not support Plaintiff's argument that the HOA foreclosed wrongfully. The undisputed evidence presented by SFR and the HOA establishes that Borrower was in default at the time of the HOA Sale. (ECF Nos. 115 at 8-9, 116 at 21.) Thus, the Court will grant summary judgment to SFR and the HOA on Plaintiff's wrongful foreclosure claim.

---

[2]"The elements of a claim for wrongful foreclosure are: (1) that a foreclosure sale occurred; and (2) the [debtor] was not in default." *Elizon Master Participation Tr. 1 v. Saticoy Bay LLC Series 8920 El Diablo*, Case No. 2:16-cv-00751-JCM-VCF, 2017 WL 4185468, at *8 (D. Nev. Sept. 21, 2017) (alteration in original) (citing *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983)).

### F.    Intentional Interference With Contract

SFR and the HOA argue that Plaintiff has not identified facts to show that the HOA or SFR took actions designed to disrupt any contractual relationship. (ECF Nos. 115 at 12-14, 116 at 21-22.) The Court agrees. Moreover, Plaintiff's claim seems to be premised on the HOA Sale having wrongfully extinguished its rights in the DOT (ECF Nos. 1 at 12-13, 117 at 26-27, 118 at 27-28), but the Court's findings do not support this argument. To the contrary, because the HOA Sale was conducted pursuant to the Statute—which withstands Plaintiff's constitutional challenges—the Court remains unpersuaded by Plaintiff's argument the HOA Sale was wrongful. The Court will therefore grant summary judgment to SFR and the HOA on Plaintiff's intentional interference with contract claim.

### G.    Equitable Relief

Plaintiff further argues that equitable relief is warranted. (ECF No. 114 at 26-28.) The Nevada Supreme Court has held that "courts retain the power to grant equitable relief from a defective foreclosure sale." *Shadow Wood Homeowners Ass'n v. New York Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016). For instance, a court may set aside a sale where there is inadequacy of price as well as proof of slight evidence of fraud, unfairness, or oppression. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 643, 648 (Nev. 2017) (stating as well that inadequacy of price "should be considered with any alleged irregularities in the sale process to determine whether the sale was affected by fraud, unfairness, or oppression").

Adequacy of sales price aside, Plaintiff has not demonstrated fraud, unfairness or oppression. Plaintiff argues that the HOA sale was improper for three reasons: (1) SFR bid on the Property from Las Vegas on a conference call arranged by Alessi, though the sale was in Reno; (2) Alessi violated the Statute when it mailed Plaintiff the notice of default by first class—instead of registered or certified—mail; and (3) because the notices mailed to Plaintiff did not specifically indicate the HOA was attempting to foreclose on the superpriority portion of its lien. (ECF No. 114 at 26-28.) SFR and the HOA respond that

these issues do not rise to the level of fraud, unfairness or oppression necessary to set aside the HOA sale. (ECF Nos. 115 at 11-12, 116 at 12-16, 119 at 24-26, 120 at 22-25.) The Court again agrees with SFR and the HOA.

More specifically, the Court is persuaded by SFR and the HOA's responses to Plaintiff's arguments as to the unfairness of the HOA Sale. (ECF Nos. 119 at 24-26, 120 at 22-25.) Regarding the argument that the sale was unfair because SFR bid on the Property over the phone from Las Vegas, Plaintiff does not dispute that a physical component of the sale occurred in Reno. (ECF No. 114 at 4.) Further, and contrary to Plaintiff's assertion, the Statute does not prohibit bidding over the phone. (ECF Nos. 119 at 24-25, 120 at 22-24.) *See also* NRS 116.31164(3)(b). Further, Alessi's technical violation of the Statute regarding how it mailed its notices was not unfair here, where Plaintiff does not dispute it had actual notice of the HOA Sale. (ECF No. 115-11 at 10 (indicating Plaintiff received actual notice in advance of the HOA Sale).) *See also Nationstar*, 405 P.3d at 650 (Nev. 2017) (excusing technical issue with notice when lender proffered no evidence it was prejudiced by it). Finally, at the time of the HOA Sale, the Statute did not require that the notices sent to Plaintiff specifically state that the HOA sought to foreclose on the superpriority portion of its lien.[3] *See Bank of Am., N.A. v. 583SC LLC*, 408 P.3d 548 (Table) n. 1, 2017 WL 6542454, at *1 n.1 (Nev. 2017) (rejecting this argument). Thus, the Court declines to exercise its equitable powers to set aside the HOA Sale.

## H. Quiet Title

Plaintiff and SFR have conflicting quiet title claims. (ECF Nos. 1 at 13-14, 16 at 7-12.) In light of the Court's findings that the HOA Sale extinguished the DOT encumbering the Property, and that neither the arguments nor evidence presented by Plaintiff have persuaded the Court the HOA Sale should be set aside, the Court will quiet title in the

---

[3]The Nevada Supreme Court recently found that NRS 116.31168 incorporates the mandatory notice provisions of NRS § 107.090, which requires notice of the time and place of the sale. *SFR Invs. Pool 1, LLC v. Bank of New York Mellon*, 422 P.3d 1248, 1253 (Nev. 2018).

Property in SFR's favor. Accordingly, the Court will grant summary judgment in SFR's favor on its quiet title claim, and deny Plaintiff summary judgment on its quiet title claim.

### I.    Lis Pendens

In addition to quieting title in SFR's favor, SFR asks the Court to expunge Plaintiff's notice of lis pendens on the Property. (ECF No. 115 at 22-23.) "Under N.R.S. 14.015, the party who records the notice of lis pendens must "establish to the satisfaction of the court either: (a) That the party who recorded the notice is likely to prevail in the action; or (b) That the party who recorded the notice has a fair chance of success on the merits in the action and the injury ... would be sufficiently serious ...." *JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC*, 200 F. Supp. 3d 1141, 1178 (D. Nev. 2016). Because the Court will grant summary judgment and quiet title in SFR's favor, Plaintiff can no longer demonstrate it is likely to prevail in this case. *See id.* Thus, the Court will order Plaintiff's notice of lis pendens on the Property expunged. *See id.* at 1178-79.

### J.    Remaining Claims

As discussed above, the Court rejects Plaintiff's challenges to the constitutionality of the Statute and the validity of the HOA Sale. The Court thus grants summary judgment in favor of SFR and the HOA on all Plaintiff's claims against them because the HOA Sale was valid and extinguished Plaintiff's interest in the Property. SFR acquired title to the Property pursuant to the HOA Sale free and clear of the DOT.

Additionally, SFR's second counterclaim for preliminary and permanent injunction (ECF No. 16 at 12) will be dismissed "as the Court follows the well-settled rule that a claim for injunctive relief standing alone is not a cause of action." *Wells Fargo Bank, N.A. v. SFR Investments Pool 1, LLC*, Case No. 2:15-cv-00800, 2018 WL 4682334, at *5 (D. Nev. Sept. 28, 2018) (citations omitted).

Finally, the Court notes that Plaintiff's claims against Alessi are currently stayed in light of Alessi's bankruptcy. (ECF No. 78.) However, the Court will grant summary judgment to Alessi on Plaintiff's claims against it *sua sponte* in light of the Court's findings

herein as to the effect of the HOA Sale, which extinguished Plaintiff's interest in the Property, and Plaintiff's subsidiary claims.[4] *Sua sponte* summary judgment is appropriate because Plaintiff had reasonable notice that the sufficiency of its claims would be at issue in the context of its summary judgment briefing relating to its claims against SFR and the HOA. *See LN Mgmt. LLC Series 7937 Sierra Rim v. Pfeiffer*, Case No. 2:13-cv-01934-JCM-PAL, 2017 WL 4172257, at *2 (D. Nev. Sept. 20, 2017).

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 114) is denied. The Court finds that the HOA Sale extinguished the DOT.

It is further ordered that the HOA's motion for summary judgment (ECF No. 115) is granted.

It is further ordered that SFR's motion for summary judgment (ECF No. 116) is granted. The Court finds that SFR owns the Property free and clear of the DOT. Martha Vazquez-Deperez has no further interest in the Property.

It is further ordered that Plaintiff's lis pendens on the Property must be expunged.

It is further ordered that SFR's second counterclaim for preliminary and permanent injunction (ECF No. 16 at 12) is dismissed.

It is further ordered that the Clerk of the Court enter judgment in SFR, the HOA, and Alessi's favor in accordance with this order and close this case.

///

///

///

---

[4]Plaintiff asserts the same claims against Alessi as against the HOA. (ECF No. 1.)

DATED THIS 6th day of Feburary 2019.


_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE